

BC    RECEIVED    JKS
9/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

)
)
) **Case Number**:
)
Plaintiff )
) **Judge**:
v. )
)
) **Magistrate Judge**:
)
)
Defendant

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THORNELL JOHNSON,
DECATUR BRANCH, and
CURTIS MONROE,
Plaintiffs,

v.

CHICAGO BOARD OF EDUCATION
(d/b/a Chicago Public Schools),
CITY OF CHICAGO,
COOK COUNTY, ILLINOIS, and
DAVID SIERS (a/k/a David Sears),
Defendants.

Case No.: **1:25-CV-10685**

FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

JURY TRIAL DEMANDED

Filed: September 6, 2025

## I. INTRODUCTION

1. Plaintiffs Thornell Johnson, Decatur Branch, and Curtis Monroe, proceeding pro se, bring this action under 42 U.S.C. § 1983, alleging that Defendants' deliberate indifference violated their Fourteenth Amendment due process rights by enabling sexual abuse by teacher David Siers at Spencer Elementary School (Chicago Public Schools, CPS) during 1982–1986. Systemic failures in supervision, investigation, reporting, and recordkeeping, uncovered through 2025 Freedom of Information Act (FOIA) requests (Exhibits A-RR) and Illinois Department of Children and Family Services (DCFS) regulations (Exhibit Group O), constitute a state-created danger and ongoing harm, as recognized in DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989) (establishing liability when state actors affirmatively increase vulnerability to private violence).

2. New: Based on evidence of multiple related cases, including multiple victims as per Siers' 1987 conviction (Exhibit U, supplemented with news reports; Exhibits I, J), and ongoing FOIA efforts (Exhibits P, RR), additional victims of Siers' misconduct may seek to join this action under FRCP 20 (permissive joinder) or FRCP 23 (class action), as Defendants' failures likely harmed other students at Spencer Elementary during the

relevant period.

3. This complaint is supported by evidence from FOIA responses, DCFS rules, retention schedules, and Public Access Counselor (PAC) reviews, showing Defendants' failure to comply with the Illinois Abused and Neglected Child Reporting Act (ANCRA, 325 ILCS 5/1 et seq.) and other protocols. No binding PAC resolutions were received as of August 20, 2025, per searches of the Illinois Attorney General's website (ilag.gov) and related sources.

## II. PARTIES

4. Plaintiff Thornell Johnson is an adult resident of 906 Hickory Circle, La Plata, Maryland 20646. He was a student in David Siers' fifth-grade class at Spencer Elementary School (214 N. Lavergne, Chicago, IL) during the 1982–1983 school year and believes he was an unidentified victim of Siers' sexual misconduct, as corroborated by class photographs (Exhibit DD, F000373, F000425).

5. Plaintiff Decatur Branch is an adult resident of Chicago, Illinois. He was in Siers' class during the same period and alleges similar victimization.

6. Plaintiff Curtis Monroe is an incarcerated adult at [Facility Name, Address], a former student in Siers' class, alleging abuse, including a 1986–1987 Chicago Police Department (CPD) interview reporting Siers' invitation to shower together (Exhibit II).

7. Defendant Chicago Board of Education (d/b/a CPS) is a municipal entity responsible for operating Spencer Elementary and employing/supervising Siers during the relevant period.

8. Defendant City of Chicago is a municipal corporation that operates CPD, which investigated Siers' misconduct in 1986–1987.

9. Defendant Cook County, Illinois, is a municipal entity that operates the Cook County State's Attorney's Office (CCSAO) and Cook County Sheriff's Office (CCSO), responsible for prosecuting and retaining records related to Siers' 1986–1987 cases.

10. Defendant David Siers (a/k/a David Sears), last known address [redacted], was a CPS teacher at Spencer Elementary, charged in 1986 (Case Nos. 86CR10244, 86CR10825) and convicted in 1987 for aggravated criminal sexual abuse of minors.

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for federal claims under 42 U.S.C. § 1983 and supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims arising from the same case or controversy, as §1983 claims are not precluded by Title IX per Fitzgerald v. Barnstable School Committee, 555 U.S. 246 (2009) (holding Title IX does

not bar parallel constitutional claims in school abuse contexts).

12. Venue is proper under 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in this judicial district.

## IV. FACTUAL ALLEGATIONS

A. David Siers' Misconduct and Grooming

13. David Siers was employed as a teacher at Spencer Elementary (CPS) from approximately 1973 to 1986, during which he exhibited grooming behaviors toward male students, including favoritism through overnight trips, private attention, and rewards not extended to female students, as observed by affiant Sheryl Brown (Exhibit H-1).

14. Plaintiffs allege they were victims of Siers' sexual abuse during 1982–1986, including specific incidents such as Johnson's abuse during a 1983 school assembly and Monroe's invitation to shower together, reported to CPD in 1986–1987 (Exhibit II).

15. A grand jury was sworn in on March 21, 1986. On July 1, 1986, Siers was indicted under Cook County Case No. 86CR10244 for
aggravated criminal sexual assault and abuse of a victim under 13, occurring March 21–July 1, 1986, including charges of official misconduct as a CPS teacher during school hours (Exhibit J, supplemented with plea/sentence details and news reports; Exhibit X/FF, arrest card). Siers was arrested that day. According to files obtained by FOIA from CCSAO, Siers sexually assaulted multiple victims from March 21, 1986, to July 1, 1986.

16. A search warrant was performed and resulted in evidence he sexually assaulted multiple more victims. Another Grand Jury investigated and came back with a second indictment on August 5, 1986 (86CR10825),
indicating multiple victims (Exhibit DD, F000481; Exhibit I).

17. Siers pleaded guilty on February 26, 1987, receiving a 20-year sentence for the initial sexual assault, and 7 years for each additional sexual assault, all running concurrently (Exhibit J, Supplement J; Exhibit I).

18. Class photographs submitted with 2025 FOIA requests (Exhibit DD, F000373, F000425) confirm Plaintiffs' presence in Siers' 1982–1983 class, substantiating their exposure to his misconduct.

19. Illinois State Police (ISP)'s 2025 FOIA response (Exhibit QQ) confirms Siers was not listed on the Illinois Sex Offender Registry, as the law (730 ILCS 150) was enacted post-1996, indicating no state-level post-conviction monitoring.

20. New: CCSAO's June 3, 2025, FOIA response (Exhibit U) references multiple related cases, suggesting additional victims who may seek to join this action, as Plaintiffs' ongoing FOIA and PAC efforts (Exhibits P, RR) aim to identify others harmed by

Defendants' failures.

B. Institutional Knowledge and Failures

21. CPS had or should have had knowledge of Siers' misconduct via complaints as early as 1982 (Exhibit H-6, affidavit noting concerns about favoritism) but failed to investigate or remove him from student contact.

22. CPS took no action to remove or reassign Siers after the March 21, 1986, grand jury investigation commenced, allowing continued student access until his July 1, 1986, arrest (Exhibit Z, no assignment records; Exhibit X/FF, arrest card).

23. DCFS regulations from 1981–1990 (Exhibit Group O, including Rules 302, 431, Procedures 300, P1.3, and abandonment definitions) mandated CPS staff to report suspected abuse to the DCFS hotline within 48 hours, with written confirmations admissible in court. CPS's absence of such reports (Exhibits Y, AA, NN) violates ANCRA (325 ILCS 5/4).

24. DCFS 1987 procedures (Exhibit Group O, Part 3) required restricting alleged perpetrators from child contact during investigations; CPS's no records (Exhibit Z) show non-compliance, enabling further harm.

25. DCFS's lack of protocols for responding to teacher convictions (Exhibit Group O, Email 1) reflects systemic gaps in child protection coordination.

26. Illinois State Board of Education (ISBE)'s 2025 FOIA responses (Exhibit DD, supplemented with F000481, F000373, F000410, F000425) confirm no communications, referrals, or disciplinary actions regarding Siers' 1986–1987 cases (86CR10244, 86CR10825), despite his July 1988 credential issuance, indicating failure to monitor convicted educators.

27. Department of Family and Support Services (DFSS) confirmed no inter-agency referrals between CPS and DCFS for Spencer students (Exhibit EE), evidencing institutional silos.

28. DCFS's 1987 abandonment definition (Exhibit Group O, Part 5) equates CPS's inaction to relinquishing protective duties, given Plaintiffs' vulnerability (ages 10–11, unable to self-protect).

29. ISBE's lack of communications from CPS, CPD, CCSAO, or DCFS (Exhibit DD, supplemented) despite Siers' convictions shows no inter-agency coordination to revoke his credentials.

C. 2025 FOIA Requests and Recordkeeping Failures

30. Plaintiffs' 2025 FOIA requests to CPS, CPD, CCSAO, ISBE, DFSS, ISP, and Illinois Criminal Justice Information Authority (ICJIA) (Exhibits A, B, D, F, N, Q, U, Y-CC,

DD, EE, HH, II, PP, QQ, RR) revealed systemic absences of records critical to proving Defendants' failures.

31. CPS responded with "no records" for:
- Personnel, disciplinary, or complaint files (Exhibit Y, N017554).
- 1986 assignment/removal records (Exhibit Z, N017709).
- Background checks (Exhibit AA, N017631).
- Class rosters/yearbooks (Exhibit BB, N017578).
- 1980–1986 policies (Exhibit CC, N017564, denied as "research" under 5 ILCS 140/1, citing Kenyon v. Garrels, 184 Ill. App. 3d 28 (1989)).

32. CCSAO's June 3, 2025, denial cited multiple related cases as "burdensome" (Exhibit U), with partial release on June 26, 2025, but withheld details under FOIA exemptions (§7(1)(a)-(m)) (Exhibit P, supplemented with PAC 87968).

33. CPD denied Monroe's 1986–1987 interview records under child victim exemptions (725 ILCS 5/103-2.1(g), 5 ILCS 140/7(1)(a)) (Exhibit II); Plaintiffs' clarification for written records remains unanswered as of August 20, 2025 (Exhibit B, Supplement B).

34. ISP denied Siers' arrest records (Exhibit PP) under 20 ILCS 2630/5 (criminal history exemptions) and confirmed no sex offender registry listing (Exhibit QQ, pre-1996 law).

35. ICJIA extended its FOIA response to July 5, 2025, for educator abuse datasets (1985–1987) but provided no update as of August 20, 2025 (Exhibit HH).

36. ISBE's responses (Exhibit DD, supplemented with F000481, F000373, F000410, F000425) found no communications, referrals, or disciplinary actions from CPS, CPD, CCSAO, or DCFS (1986–1988), only credentials, despite Siers' convictions.

37. DFSS's June 24, 2025, denial (Exhibit EE) found no referrals for Spencer students or abuse-related communications.

38. PAC reviews (Exhibit P, supplemented with PAC 87968, 87907) upheld ISBE's no-records response as sufficient (citing Yeager v. DEA, 678 F.2d 315 (D.C. Cir. 1982)) but noted CPD's non-response to FOIA P069780-062325, with a demand for compliance by July 25, 2025 (Exhibit RR, overdue per 5 ILCS 140/3(d)).

39. Retention schedules for CCSO and Forest Park Police Department (Exhibit V/GG, consolidated) mandate retention of felony and sex crime records for 7–80 years, yet absences of Siers' arrest and investigation records (Exhibits PP, RR) suggest negligent disposal or concealment.

40. DCFS's mandated hotline reports and written confirmations (Exhibit Group O, Rules 302, 431, Procedures 300, P1.3) are absent from CPS records, violating ANCRA requirements for admissibility in judicial proceedings.

D. Harms Suffered

41. Plaintiffs suffer ongoing post-traumatic stress disorder (PTSD), anxiety, and lost educational and employment opportunities due to Siers' abuse and Defendants' failures, as evidenced by affidavits from former students (Exhibits H-1 to H-6) and Siers' presentence investigation (PSI) report (Exhibit K).

| Harm Type | Description | Supporting Exhibits |
|---|---|---|
| Emotional Distress | PTSD, anxiety from 1982–1986 abuse | H-1 to H-6, K |
| Systemic Failures | No records despite retention mandates (7–80 years) | V/GG, U (multiple cases), Group O (ANCRA violations) |
| Obstruction of Discovery | FOIA delays and exemptions hinder proof | Y-CC, DD, EE, HH, II, PP, QQ, RR, Supplement B |
| Investigation Failures | No 1986 removal or hotline reports | Z, X/FF, Group O (Rules 302, 431, Procedures) |
| Abandonment of Duty | CPS relinquished protective responsibilities | Group O (Part 5, abandonment definition) |
| Lack of Oversight | No post-conviction monitoring or credential revocation | DD (ISBE responses), QQ (no registry) |

## V. CLAIMS FOR RELIEF

Count I: Violation of Due Process – State-Created Danger (42 U.S.C. § 1983)

42. Defendants' affirmative acts and failures, including CPS's failure to remove or reassign Siers after early 1980s complaints and during the lead-up to his July 1986 charges (Exhibit Z), increased Plaintiffs' vulnerability to his abuse, constituting a state-created danger in violation of the Fourteenth Amendment (DeShaney v. Winnebago Cty., 489 U.S. 189 (1989); King v. East St. Louis Sch. Dist., 496 F.3d 812 (7th Cir. 2007)). This liability extends to school settings where deliberate indifference enables abuse, as in Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998) (deliberate indifference standard for Title IX claims in teacher-student harassment).

43. CPS's inaction despite knowledge of 1982 complaints (Exhibit H-6), CCSAO's reference to multiple related cases (Exhibit U), and failure to restrict Siers per DCFS investigation procedures (Exhibit Group O, Part 3) shock the conscience, proximately causing Plaintiffs' injuries, consistent with Davis v. Monroe County Board of Education, 526 U.S. 629 (1999) (deliberate indifference to known harassment in schools).

Count II: Violation of Due Process – Monell Liability (42 U.S.C. § 1983)

44. Defendants maintained policies or customs of inadequate training, supervision, reporting, and recordkeeping that directly caused constitutional violations (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

45. CPS's absence of ANCRA-mandated hotline reports and written confirmations (Exhibit Group O, Rules 302, 431, Procedures 300, P1.3), failure to remove Siers post-knowledge

(Exhibit Z), and denial of 1980–1986 policies as "research" (Exhibit CC, citing Kenyon v. Garrels, 184 Ill. App. 3d 28 (1989)) reflect a custom of deliberate indifference to student safety, as defined in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

46. ISBE's lack of communications, referrals, or disciplinary actions regarding Siers' convictions (Exhibit DD, supplemented with F000481, F000373, F000410, F000425) and issuance of a credential in July 1988 demonstrate negligent oversight of educators.

47. CPD's non-response to FOIA P069780-062325 (Exhibit RR, PAC 87907) and ISP's exemptions for arrest records (Exhibit PP, 20 ILCS 2630/5) perpetuate concealment of investigative failures.

48. DFSS's absence of inter-agency referrals with CPS or DCFS (Exhibit EE) reflects a custom of siloed operations, preventing coordinated child protection.

49. Retention schedules allowing premature disposal of felony and sex crime records (Exhibit V/GG, 7–80 years not enforced) and DCFS's lack of teacher conviction protocols (Exhibit Group O, Email 1) enabled Siers' unchecked abuse, meeting the "obvious need" standard for liability (Connick v. Thompson, 563 U.S. 51 (2011)).

50. These policies and customs were the moving force behind Plaintiffs' injuries, as Defendants' failures allowed Siers to continue abusing students, including potentially numerous others (Exhibit U), consistent with Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Count III: State Law Claims (Supplemental Jurisdiction)

51. Defendants' actions constitute negligence, intentional infliction of emotional distress (IIED), and other torts under Illinois law, actionable under 735 ILCS 5/13-202.2, which imposes no statute of limitations for childhood sexual abuse claims if discovered later.

52. Defendants' willful and wanton conduct, evidenced by ignoring multiple related cases (Exhibit U) and failing to comply with ANCRA reporting (Exhibit Group O), overcomes defenses under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 et seq.).

Count IV: Declaratory and Injunctive Relief

53. Plaintiffs seek a declaratory judgment that Defendants' failures violated their constitutional rights under the Fourteenth Amendment and ANCRA.

54. Plaintiffs request injunctive relief to compel Defendants to preserve all existing records related to Siers' cases and to reform child protection protocols to prevent future harm, addressing ongoing systemic deficiencies uncovered in 2025 (Exhibits Y-RR).

55. New: Injunctive relief is also sought to preserve records for potential additional plaintiffs

who may join this action, as indicated by the multiple cases (Exhibit U) and ongoing FOIA efforts (Exhibits P, RR).

Count V: Statute of Limitations and Equitable Tolling

56. Plaintiffs' claims are timely under the federal discovery rule, as they discovered Defendants' institutional failures in June–July 2025 through FOIA responses revealing absent records and obstructions (Exhibits P, U-RR, Group O; Wallace v. Kato, 549 U.S. 384 (2007)).

57. Equitable tolling applies under 735 ILCS 5/13-215 due to Defendants' fraudulent concealment of their failures, evidenced by:
• Absence of ANCRA-mandated hotline reports and confirmations (Exhibit Group O, Rules 302, 431).
• CPS's FOIA delays and denials (Exhibit CC, violating 5 ILCS 140/3(d)).
• CPD's non-response to FOIA P069780-062325 (Exhibit RR, PAC 87907).
• ISP's exemptions for arrest records (Exhibit PP, 20 ILCS 2630/5).
• ISBE's no records despite convictions (Exhibit DD).

58. Even if direct abuse claims are deemed time-barred, Defendants' 2025 failures (e.g., ISBE's lack of oversight, Exhibit DD; DFSS's no referrals, Exhibit EE; CPD's non-response, Exhibit RR) constitute separate, timely injuries under § 1983, actionable as continuing violations.

59. Plaintiffs' diligence is evidenced by their persistent 2025 FOIA requests and PAC reviews (Exhibits P, RR, PAC 87907, 87968), despite agency obstructions and exemptions, supporting tolling for additional victims who may join (Exhibit U).

## VI. PRAYER FOR RELIEF

60. Plaintiffs respectfully request:
a. Compensatory damages of $40,000,000 for emotional,
educational, and economic harms caused by Defendants' actions and inactions.
b. Punitive damages against Defendant David Siers for his intentional and egregious misconduct.
c. A declaratory judgment that Defendants' failures violated Plaintiffs'
constitutional rights under the Fourteenth Amendment and state law.
d. Injunctive relief
to compel Defendants to preserve all existing records related to David Siers' cases and potential additional plaintiffs, and to reform child protection protocols to prevent future harm.
e. Attorneys' fees and costs, if counsel is obtained, pursuant to 42 U.S.C. § 1988.
f. Trial by jury on all issues so triable.
g. Any other relief the Court deems just and proper.

## VII. CERTIFICATION

61. Plaintiffs certify that all factual allegations are made in good faith based on available evidence, including FOIA responses, affidavits, court records, and DCFS regulations, and that this complaint complies with FRCP 11.

Respectfully submitted,

*[signature]*

Thornell Johnson, Pro Se
906 Hickory Circle
La Plata, MD 20646
thornelljohnson@outlook.com
(240)715-2852

*[signature]*

Decatur Branch, Pro Se
516 Bellwood Ave
Bellwood, IL 60104

*[signature]*

Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN 47838

Date: September 6, 2025

Certificate of Service:
Plaintiffs certify that this amended complaint and attached exhibits will be served on Defendants via
[method, e.g., U.S. Marshals Service if in forma pauperis, or certified mail] in accordance with FRCP 4 and 5, upon filing with the Court.

Exhibit List:
(Attached; exhibits are full documents unless noted as truncated for brevity. Attach copies as available, redacting personal identifiers per FERPA/ANCRA.)

• Exhibit A: CPS FOIA Response (June 2025, complaints/investigations, no records, 5 pages).
• Exhibit B: CPD FOIA Response (March–June 2025, investigative records, no records, 2 pages, supplemented with clarification).
• Exhibit C: DFSS FOIA Response (June 2025, no records, 2 pages).
• Exhibit D: CCSAO FOIA Response (June 2025, case list, 2 pages).
• Exhibit E: ISBE Credentials (Siers, July 1988, redacted, 2 pages).
• Exhibit F: CPS FOIA Response (June 2025, HR files, no records, 2 pages).
• Exhibits H-1 to H-6: Affidavits (former students, 2025, favoritism/abuse observations, 6 pages total).
• Exhibit I: Newspaper Clippings (1986–1987, Chicago Tribune, Siers' arrest/conviction, 4 pages).
• Exhibit J: CCSAO Court Documents (86CR10244, indictment/plea, 10 pages, supplemented with full records, 10-15 pages).
• Exhibit K: PSI Report (1987, Siers' conviction, redacted, 3 pages).
• Exhibit N: CPS FOIA Denial (policies, June 2025, 2 pages).
• Exhibit P: PAC Determinations (2025, ISBE/CPD, 5 pages, supplemented with PAC 87968, 87907, 3-5 pages).
• Exhibit Q: Cook County FOIA Response (case numbers, June 2025, 2 pages).
• Exhibit R: CPS Insurance Policy (1980s, provided 2025, 3 pages).
• Exhibit S: ISBE FOIA Denial, July 29, 2025 (F000481-072225)
• Exhibit U: CCSAO FOIA Response (June 2025, case list with multiple related cases, 2 pages).
• Exhibit V/GG: Retention Schedules (CCSO/Forest Park PD, consolidated, felony/sex crime retention, 3 pages).
• Exhibit X/FF: Arrest Card (Siers, July 1986, Forest Park PD, 1 page).
• Exhibit Y: CPS FOIA No Records (personnel/complaints, N017554, 2 pages).
• Exhibit Z: CPS FOIA No Records (assignments, N017709, 2 pages).
• Exhibit AA: CPS FOIA No Records (background checks, N017631, 2 pages).
• Exhibit BB: CPS FOIA No Records (rosters, N017578, 2 pages).
• Exhibit CC: CPS FOIA Denial (policies, N017564, 2 pages).
• Exhibit DD: ISBE FOIA Responses (supplemented with F000481, F000373, F000410, F000425, no records/communications, 10 pages).
• Exhibit EE: DFSS FOIA No Records (referrals, June 2025, 2 pages).
• Exhibit Group O: DCFS Regulations (1981-1990 rules/procedures, 20-30 pages, truncated).
• Exhibit HH: ICJIA FOIA Extension (July 2025, no update, 2 pages).
• Exhibit II: CPD FOIA Denial (interview records, child exemptions, 2 pages).
• Exhibit NN: CPS FOIA No Records (hotline reports, 2 pages).
• Exhibit PP: ISP FOIA Denial (arrest records, exemptions, 2 pages).
• Exhibit QQ: ISP FOIA Response (no registry listing, pre-1996 law, 2 pages).
• Exhibit RR: PAC Demand for CPD Compliance (overdue FOIA, July 2025, 3 pages).